UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| EVANSTON INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| v. | § | CIVIL ACTION NO. 3:09-CV-1115-M |
| KEEWAY AMERICA, LLC, | § § § | |
| Defendant | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's Motion to Strike, or, in the Alternative, to Dismiss Plaintiff's First Amended Complaint [Docket Entry #14].  For the reasons stated below, the Alternative Motion to Dismiss is **GRANTED**.

*Background*

Plaintiff Evanston Insurance Company seeks a declaration, pursuant to 28 U.S.C. § 2201, that it has no duty under the subject insurance policy to defend or indemnify Keeway America, LLC with respect to the underlying lawsuit.  Evanston issued a General Liability Insurance Policy to Keeway for the period from April 1, 2008 to April 1, 2009, which provided the following coverage:

> The Company [Evanston] shall pay on behalf of the Insured [Keeway] all sums . . . which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period . . . and reported to the Company pursuant to Section Claims A., Claims Reporting Provision, for Bodily Injury or Property Damage . . . .[1]

The claims reporting provision requires Keeway to give Evanston written notice "as soon as practicable" of any claim made against Keeway during the policy period.[2]  The policy provides

---
[1] Compl. at Ex. 1.
[2] *Id.*

1

that once suit is brought, Keeway must immediately forward every demand, notice, summons or other process to Markel Shand, Inc., on behalf of Evanston.[3]

On January 20, 2009, Gaylyn S. Wentz filed suit against Keeway, alleging that a motorcycle "designed, manufactured, assembled, advertised, marketed, distributed, sold, and put into the stream of commerce" by Keeway failed to respond to her steering inputs, causing her to crash and suffer injuries.[4]  Keeway was served on January 26, 2009, and answered on February 23, 2009.[5]  Keeway did not provide notice to Evanston of Wentz's suit until April 28, 2009, approximately four weeks after the end of the policy period.  Evanston is currently defending Keeway in the Wentz suit under a reservation of rights, but contends that because notice was not provided "as soon as practicable" and was given after the policy period, it does not owe a duty to defend or indemnify Keeway.

On December 7, 2009, the Court granted Keeway's motion to dismiss, granting leave for Evanston to amend to allege that it was prejudiced by Keeway's failure to timely report the underlying suit, if Evanston could do so in good faith.  Evanston filed a First Amended Complaint on December 17, 2009.  Keeway moved to strike or dismiss it.  The Court finds that Evanston does not allege actionable prejudice in its First Amended Complaint and therefore **GRANTS** Keeway's Motion to Dismiss.

*Legal Standard*

Under Fed. R. Civ. P. 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned

---

[3] *Id.*
[4] Compl. at ¶ 12.
[5] *Id.* at ¶¶ 14-15.

accusation devoid of factual support.[6] While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation."[7] To survive a motion to dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.[8] Where the facts do not permit the court to infer more than the mere possibility of misconduct, the Complaint has stopped short of showing that the pleader is plausibly entitled to relief.[9]

*Discussion*

In *Prodigy*, the Supreme Court of Texas considered whether an insurer must allege that it was prejudiced by an insured's alleged failure to provide timely notice.[10] The policy required notice of a claim "as soon as practicable . . . but in no event later than ninety days" after the policy's expiration.[11] Although notice was given within the ninety-day cutoff, the Court assumed that notice was not provided "as soon as practicable."[12] The Court concluded that the alleged failure to provide notice "as soon as practicable" was not material to the bargained for exchange under a claims-made policy and held that:

> In a claims-made policy, when an insured gives notice of a claim within the policy period or other specified reporting period, the insurer must show that the insured's non-compliance with the policy's "as soon as practicable" notice provision prejudiced the insurer before it may deny coverage.[13]

---

[6] *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).
[7] *Id.* at 1949-50 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).
[8] *Twombly*, 550 U.S. at 570.
[9] Fed. R. Civ. P. 8(a)(2); *Iqbal*, 129 S. Ct. at 1950.
[10] *Prodigy Commc'ns Corp. v. Agric. Excess & Sur. Ins. Corp.*, 288 S.W.3d 374, 375 (Tex. 2009).
[11] *Id.* at 376.
[12] *Id.* at 382.
[13] *Id.*

In *XL Specialty*, the Supreme Court of Texas held that an insurer must show prejudice to deny payment on a claims-made policy that contained an "as soon as practicable" requirement, but not a clear cut reporting deadline.[14]

Because the subject policy does not require Keeway to report claims to Evanston within a specific number of days of the making of the claim, or by the end of the policy period, the subject policy is a claims-made policy, rather than a "claims-made and reported" policy.[15] If this were a claims-made and reported policy, Evanston would not need to show prejudice resulting from Keeway's failure to provide notice within a specified time frame,[16] but Texas law is unsettled as to whether or not an insurer must demonstrate prejudice from the failure of an insured to provide notice "as soon as practicable," if notice is provided after the expiration of the policy period, and the policy does not expressly require earlier notice.

Insurers must generally establish that an insured's failure to comply with a notice requirement prejudiced the insurer.[17] Under some circumstances, an insurer need not show prejudice, such as when there is a total failure to comply with a notice requirement, or a default judgment has been entered before notice is given.[18] In *Precis*, the Fifth Circuit, purporting to apply Texas law in a non-precedential opinion, held that an insurer need not show prejudice from late notice, but the decision was based on policy language making timely notification a condition

---

[14] *Fin. Indus. Corp. v. XL Specialty Ins. Co.*, 285 S.W.3d 877, 879 (Tex. 2009). *See generally E. Tex. Med. Ctr. Reg'l Healthcare Sys. v. Lexington Ins. Co.*, 575 F.3d 520, 528-30 (5th Cir. 2009) (analyzing *Prodigy* and *XL Specialty*).
[15] *See E. Tex.*, 575 F.3d at 528; *XL Specialty*, 285 S.W.3d at 878; *Prodigy*, 288 S.W.3d at 379 n.7.
[16] *See E. Tex.*, 575 F.3d at 528; *Pennzoil-Quaker State Co. v. Am. Int'l Specialty Lines Ins. Co.*, 653 F. Supp. 2d 690, 698 (S.D. Tex. 2009).
[17] *See Clarke v. Allianz Global Risks U.S. Ins. Co.*, 639 F. Supp. 2d 751, 765 (N.D. Tex. 2009); *Wash. Mut. Bank v. Commonwealth Land Title Ins. Co.*, No. 13-08-00256-CV, 2010 WL 135685, at *2 (Tex. App.—Corpus Christi Jan. 14, 2010, reh. overruled); *Jenkins v. State & County Mut. Fire Ins. Co.*, 287 S.W.3d 891, 898 (Tex. App.—Fort Worth 2009, pet. denied) ("An insured's failure to timely notify its insurer of a claim or suit does not defeat coverage if the insurer was not prejudiced by the delay."); *Coastal Ref. & Mktg. v. U.S. Fid. & Guar. Co.*, 218 S.W.3d 279, 287 (Tex. App.—Houston [14th Dist.] 2007, pet. denied); *Blanton v. Vesta Lloyds Ins. Co.*, 185 S.W.3d 607, 611 (Tex. App.—Dallas 2006, no pet.).
[18] *Jenkins*, 287 S.W.3d at 898; *Coastal Ref.*, 218 S.W.3d at 287.

precedent to coverage.[19]  *Precis* is distinguishable from this case, because the subject policy does not make notice during the policy period a condition precedent to coverage.  *Precis* is also seemingly at odds with the later cases of the Texas Supreme Court, *Prodigy* and *XL Speciality*, which held that prejudice must be shown, even if timely notice is stated to be a condition precedent to coverage, but in both cases notice was given during the policy period.[20]

The Supreme Court of Texas has recognized that the "inherent benefit of a claims-made policy is the insurer's ability to 'close its books' on a policy at its expiration and thus to attain a level of predictability . . . ."[21]  Purporting to apply Texas law, the Southern District of New York recently found that untimely notice is a sufficient basis to deny coverage if a claims-made policy has expired and the insurer has closed its books on that policy.[22]  Although the New York court expressed no opinion as to how to balance between the benefits to insurers of claims-made policies and the rights of the insured, that court determined that an insurer need not show prejudice if notice is provided more than six months after the expiration of the policy period.[23]

Here, notice was provided twenty-seven days after the expiration of the policy, and just over two months after Keeway answered the underlying suit.  Evanston could have expressly required notice before the expiration of the coverage period, but it did not do so.  Evanston has not alleged that it closed its books on the policy.  There was neither a total failure to provide

---

[19] *Precis, Inc. v. Fed. Ins. Co.*, 184 F. Appx. 439, 442 (5th Cir. 2006); *see also Fed. Ins. Co. v. CompUSA, Inc.*, 319 F.3d 746, 748, 755 (5th Cir. 2003) (finding that a conscious decision to provide notice after the expiration of the policy period and after a jury's verdict constituted a failure of a condition precedent to the insurer's duty to provide indemnification).
[20] *XL Specialty*, 285 S.W.3d at 878-79; *Prodigy*, 288 S.W.3d at 378 ("[W]hile the Prodigy policy describes the notice provision as a 'condition precedent,' we must go further to determine whether prejudice is, or is not, required").
[21] *XL Specialty*, 285 S.W.3d at 878 (quoting *Prodigy*, 288 S.W.3d at 380) (internal quotations omitted).
[22] *See Julio & Sons Co. v. Travelers Cas. & Sur. Co. of Am.*, No. 08 Civ. 3001(RJH), 2010 WL 520597, at *10-11 (S.D.N.Y. Jan. 9, 2010).
[23] *Id.*

notice nor an entry of default before notice was given.  Considering these circumstances, this Court concludes that Evanston must show prejudice to deny coverage under the policy.

Texas courts have "definitively and narrowly defined" what prejudice is sufficient.[24] Because notice of suit provisions are intended to enable an insurer to investigate the circumstances of the incident and prepare to defend any claims, "the crucial inquiry in determining whether an insurer was prejudiced as a matter of law is whether the insurer's ability to defend against the claim has been irreparably impaired by an insured's failure to comply with a notice-of-suit provision."[25]  Whether an insurer was impaired "depends largely on the extent to which the insured defended against the claim before judgment was entered and became final and nonappealable."[26]  An assertion of presumed or theoretical prejudice is insufficient, because, in many cases, an insurer is not prejudiced by late notice.[27]

Evanston asserts prejudice because it was not able to close its books after the end of the policy period and because Keeway's failure to report the claim "impacted the rating of premiums for the Policy itself, as well as the calculation of premiums for a renewal quote provided to Keeway."[28]  In *St. Paul*, another court in this district specifically and definitively defined the types of actionable prejudice:

> (1) when the insurer, without notice or actual knowledge of suit, receives notice after entry of default judgment against the insured; (2) when the insurer receives notice of the suit and the trial date is fast approaching, thereby depriving it of an opportunity to investigate the claims or mount an adequate defense; (3) when the insurer receives notice of a lawsuit after the case has proceeded to trial and judgment has been entered against the insured; and (4) when the insurer receives notice of a default judgment against its insured after the judgment has become final and nonappealable.[29]

---

[24] *Trumble Steel Erectors, Inc. v. Moss*, 304 F. Appx. 236, 240 (5th Cir. 2008).
[25] *Wash. Mut.*, 2010 WL 135685, at *3 (citing *Blanton*, 185 S.W.3d at 611-12).
[26] *Wash. Mut.*, 2010 WL 135685, at *3.
[27] *Trumble Steel*, 304 F. Appx. at 239-40.
[28] Compl. at ¶ 23.
[29] *St. Paul Guardian Ins. Co. v. Centrum G.S. Ltd.*, 383 F. Supp. 2d 891, 902 (N.D. Tex. 2003) (Lindsay, J.).

No actionable prejudice is present here, and the prejudice alleged is insufficient to be actionable, particularly when there is no pleading that Evanston issued a new inaccurately priced policy to Keeway. Evanston has neither alleged that it was unable to investigate the underlying suit nor that it was unable to defend against Wentz's claims. Evanston has not alleged sufficient prejudice, so Keeway's Motion to Dismiss is **GRANTED**.[30]

*Conclusion*

For the reasons stated above, Defendant's Alternative Motion to Dismiss Plaintiff's First Amended Complaint is **GRANTED**. The Court has already afforded Evanston the opportunity to amend to allege actionable prejudice, which it has not done. The Court determines that further amendment will be futile and will cause needless delay.[31] Evanston's First Amended Complaint is **DISMISSED WITH PREJUDICE**. All costs of court are taxed against Evanston.

**SO ORDERED**.

June 29, 2010.

                                       *[signature]*
                                       BARBARA M. G. LYNN
                                       UNITED STATES DISTRICT JUDGE
                                       **NORTHERN DISTRICT OF TEXAS**

---

[30] Having determined that Evanston has not alleged prejudice, the Court makes no finding as to whether Keeway provided notice "as soon as practicable." *See generally CompUSA*, 319 F.3d at 752 (construing "as soon as practicable" to mean "within a reasonable time"); *Blanton*, 185 S.W.3d at 611 ("'As soon as practicable' means as soon as notice would have been given by an ordinary prudent person in the exercise of ordinary care in the same or similar circumstances. What constitutes a reasonable time within which notice must be given depends on the individual facts and circumstances of each particular case, including but not limited to age, experience, and capacity for understanding and knowledge that coverage exists in one's favor.") (internal citations omitted).

[31] *See Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000); *Hildebrandt v. Indianapolis Life Ins. Co.*, No. 3:08-CV-1815-B, 2009 WL 2870024, at *6 (N.D. Tex. Sept. 8, 2009).